# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARQUISE LEON NELSON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18CV00585 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **STATE OF VIRGINIA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Marquise Leon Nelson, Pro Se Petitioner.*

Petitioner Marquise Leon Nelson, proceeding pro se, has filed a pleading that the court has construed and docketed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. After review of Nelson's allegations, I conclude that the petition must be summarily dismissed, because it is clear from the face of his petition that he is not entitled to relief under § 2254 at this time.

Nelson's allegations and state court records online indicate that on May 31, 2017, he filed a petition in the Wise County, Virginia, Circuit Court, CL17000262-00. Nelson does not provide the nature of the claims or evidence presented in that petition. The circuit court dismissed Nelson's petition on June 15, 2017.

Nelson's current petition was received and docketed in this court on November 21, 2018. Nelson appears to be contending that this court should order the circuit court to reopen his case and conduct a hearing so that Nelson can

present his unspecified evidence. Nelson's federal petition does not state any reason that he believes his current confinement at Red Onion State Prison is unlawful.

Liberally construed, Nelson's petition is an attempt to appeal to this federal court from the circuit court's decision to dismiss his state petition. This court has no jurisdiction to review the judgments of state courts on direct appeal, however. *See, e.g., Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies exclusively with the state courts and ultimately with the United States Supreme Court. *Id.*; 28 U.S.C. § 1257. Thus, to the extent that Nelson is seeking appellate review or intervention by this court regarding the circuit court's decision, I must dismiss his federal petition for lack of jurisdiction.

Lower federal courts, like this one, do have jurisdiction to address a state prisoner's habeas corpus claims attacking the constitutionality of his confinement under the criminal judgment of a state court. *Plyler*, 129 F.3d at 732. Pursuant to 28 U.S.C. § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his habeas claims to the highest state court with jurisdiction to consider them. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner could still

present his claims to the state courts, a federal court should dismiss his petition without prejudice. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

State court records indicate that Nelson has not filed a habeas appeal or a separate habeas petition in the Supreme Court of Virginia since 2009. Nelson's petition provides no evidence to the contrary. Accordingly, he has not demonstrated exhaustion of available state court remedies as required under § 2254(b) as to the habeas corpus claims he may have raised in his Wise County Circuit Court petition. In any event, his current petition states no grounds for a finding that his confinement is unlawful and thus, fails to present any habeas claim.

For the stated reasons, I will dismiss Nelson's petition without prejudice. A separate Final Order will be entered herewith.

DATED: November 30, 2018

/s/ James P. Jones
United States District Judge